UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA BANKS et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2381-B |
| | § | |
| WELLS FARGO BANK N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank N.A.'s (Wells Fargo) motion to dismiss.

Doc. 6. For the reasons that follow, the Court **GRANTS** Defendant's motion.

## I.

## BACKGROUND[1]

Pro se plaintiff Patricia Banks[2] filed suit in Texas state court seeking injunctive relief to stop

the foreclosure sale of her home. Doc. 1-7, Compl., ¶¶ 18–19. Ms. Banks alleged that injunctive relief

was proper because Wells Fargo, her mortgage servicer and lender, violated the Real Estate

Settlement Procedures Act, the Home Affordable Modification Program[3], the National Housing Act,

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

[2]As Defendant points out, Plaintiff's original petition lists herself as well as "all other occupants of 12500 Summer Hill Dr" as plaintiffs. Doc. 6, Def.'s Mot., 1 n.1. But she lists only herself in the "parties" section of her petition, and makes no independent claims on behalf of the other occupants. Doc. 1-7, Compl. ¶ 1. Nor could she since she is a pro se plaintiff. Thus, the Court considers Ms. Banks the only plaintiff in this case.

[3]Ms. Banks claims Wells Fargo violated the Making Home Affordable Program, Doc. 1-7, Compl.¶ 9, but Wells Fargo assumes, as does the Court, that Ms. Banks intends to reference the Home Affordable

the Unfunded Mandates Reform Act, the Texas Debt Collection Act, and the Texas Property Code by failing to negotiate a loan modification with her in good faith. *Id.* ¶¶ 6–12. Wells Fargo removed the case to this Court on the basis of both diversity jurisdiction and federal question jurisdiction. Doc. 1, Notice of Removal, 2. Wells Fargo then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 6, Def.'s Mot., 1. Wells Fargo's motion is ripe for review.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff

---

Modification Program.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

A pro se litigant's "pleadings are to be construed liberally." *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012). Nonetheless, courts "still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (internal citations omitted). Thus, "pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* (internal citations omitted).

## III.

## ANALYSIS

In its motion, Wells Fargo argues that all of Plaintiff's claims fail as a matter of law. Doc. 6, Def.'s Mot., 2. Ms. Banks responds to Wells Fargo's motion in only one page. Doc. 11, Pl.'s Resp., 1. She explains the reason for her late filing and then states only that Wells Fargo's motion is "completely false." *Id.* Wells Fargo argues that because her response fails to address its arguments or the merits of her claims she has abandoned all her claims, which warrants dismissal of her case. Doc. 12, Def.'s Reply, 1–2.

In support of its abandonment argument, Wells Fargo cites to several cases in which the court found that a plaintiff had abandoned his or her claims by failing to address the claims past the pleading stage. *Id.* But Wells Fargo's cases are distinguishable from the situation here. In the cases

Wells Fargo cites, the court's finding that the plaintiff abandoned his or her claim by failing to pursue it destroyed only one of the plaintiff's claims, not the entire case. *See Costello v. U.S. Bank Tr.*, 689 F. App'x 253, 256 n.8 (5th Cir. 2017) (finding that the plaintiff abandoned only his unjust enrichment claim); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013) (finding plaintiff abandoned only his False Claims Act claim); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding plaintiff abandoned only her retaliatory abandonment claim). Further, despite finding the claim abandoned, the courts nevertheless discussed the merits of the claim. *See id.* And, all of the plaintiffs in Wells Fargo's cases had counsel. *See id.* Finally, in a substantially similar case, which Wells Fargo cites repeatedly in its motion, the court addressed whether the plaintiff's complaint met the pleading standards despite the fact that the plaintiff failed to respond at all to the defendant's motion to dismiss. *See Mahmood v. Bank of Am. N.A.*, No. 3:11-CV-3054-M-BK, 2012 WL 527902 (N.D. Tex., Jan. 18, 2012) (examining whether the plaintiff stated a claim under RESPA, the NHA, UMRA, the TDCA and Chapter 51 of the Texas Property Code). Therefore, the Court is disinclined to dismiss Ms. Banks's entire case solely because of her perfunctory response. The Court will consider Wells Fargo's arguments regarding each of Plaintiff's claims in turn.

A.    *RESPA Claims*

First, Ms. Banks claims that Wells Fargo violated RESPA by failing to respond to her written request "seeking other information from the Defendant relating to the servicing of the Plaintiff's loan" and by failing to "thoroughly and completely conduct an investigation of the other information sought by the Plaintiff relating to the Plaintiff's loan." Doc. 1-7,Compl., ¶ 8. Ms. Banks states that the "other information" she sought was a loss mitigation review and retention options. *Id.* ¶¶ 8, 12.

Wells Fargo argues that Plaintiff failed to state a claim for violation of RESPA because her alleged written request does not relate to servicing of her loan. Doc. 6, Def.'s Mot., 6.

The RESPA provision to which Ms. Banks cites states that when a "servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence." 12 U.S.C. § 2605 (e)(1)(A). Information relating to the servicing of the loan is information about "scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest." *Id.* § 2605(i)(3). Thus, a request for a loss mitigation review and retention options does not relate to servicing of the loan and Wells Fargo did not violate RESPA for failing to respond to Plaintiff's alleged request for this information. *See Mahmood*, 2012 WL 527902, at *3 (holding that Plaintiff had failed to state a RESPA claim because his "written request for loss mitigation did not relate to servicing of the loan, as defined by RESPA"). To the extent the "other information" sought could include anything besides a request for a loss mitigation review and retention options, Ms. Banks fails to plead enough facts for the Court to make this determination. Therefore, Plaintiff's RESPA claim relating her request for a loss mitigation review and retention options is dismissed without prejudice.

Second, Plaintiff claims that pursuant to RESPA, "Defendant was required to provide Plaintiff with an opportunity to participate in the Making Home Affordable Program" (HAMP[4]) and

---

[4]Although Ms. Banks pleads that her HAMP claim arises under RESPA, Doc. 1-7, Compl., ¶ 9, Defendant appears to believe she has independently pleaded a HAMP claim, Doc. 6, Def.'s Mot., 4–5. Whether Plaintiff failed to state an independent HAMP claim is examined below.

by not doing so, Wells Fargo failed to negotiate a loan modification in good faith. Doc. 1-7, Compl., ¶ 9.

The RESPA provisions to which Plaintiff cites are inapplicable to her claim. 12 U.S.C. § 2605(e)(2) and (3)[5] provide that a loan servicer must respond to a borrower's qualified written request within thirty days, dictate the content of that response, and require the servicer to withhold information regarding the borrower's payments from credit reporting agencies for sixty days following receipt of a qualified written response. The Court has already determined that Ms. Banks failed to plead that she made a qualified written request because her request did not relate to the servicing of her loan. Thus, Plaintiff failed to state a claim under these RESPA provisions. But even if she had adequately pleaded that she made a qualified written request, the provisions to which she cites do not require a servicer to participate in HAMP. Thus, her claim that Wells Fargo violated 12 U.S.C. § 2605(e)(2) and (3) is dismissed with prejudice.

B.    *Claims for Failure to Negotiate a Loan Modification*

Ms. Banks claims that Wells Fargo failed to "negotiate in good faith" and failed to enter into "certain modification agreements" allegedly required by HAMP, §1715v of the National Housing Act (NHA), and the Unfunded Mandates Reform Act (UMRA).[6] *Id.* ¶ 10. Defendant argues that

---

[5] Plaintiff also cites to 24 § C.F.R. 3500.21(e), but this regulation was removed from the Federal Register in 2014. Removal of Regulations Transferred to the Consumer Financial Protection Bureau, 79 Fed. Reg. 34224, 34225 (June 16, 2014).

[6] Plaintiff also cites to the "Loss Mitigation programs" in 21 C.F.R. § 203.355, *see* Doc. 1-7, Compl., ¶ 10, but this federal regulation does not exist. Construing the pleadings liberally, Ms. Banks likely intended to cite to 24 C.F.R § 203.355(I), since subsection (i) of that regulation concerns loss mitigation relief measures. But subsection (i) applies only when a mortgagor's eligibility for a loss mitigation relief measure has already been established, 24 C.F.R. § 203.355(i), and Plaintiff's complaint is premised on the allegation that Wells Fargo failed to provide any loss mitigation relief, *see* Doc. 1-7, Compl., ¶¶ 8–9.

Plaintiff failed to state a claim under all of the above-mentioned Acts because they are either inapplicable to foreclosure cases or because they do not provide private rights of action. Doc. 6, Def.'s Mot., 4–5. Because the Court agrees that the Acts do not provide private rights of action, it does not reach the question of whether they are inapplicable to Ms. Banks's claims.

To the extent Ms. Banks's claim that Wells Fargo's failure to respond to her qualified written request under RESPA is also an independent violation of HAMP, this claim must fail. HAMP does not provide a private right of action for borrowers. *Mahmood*, 2012 WL 527902 at *3 (citing *Easley v. Fed. Nat'l Mortg. Ass'n*, No. 4:10-CV-3734, 2011 WL 6002644 at *5 (S.D. Tex. Nov. 30, 2011) (collecting cases)). Nor does UMRA or the NHA provide a provide right of action for borrowers. 2 U.S.C. § 1571(b)(2) (stating that "no provision of [UMRA] shall be construed to create any right or benefit, substantive or procedural, enforceable by any person in any administrative or judicial actions"); *Beacham v. Bank of Am. N.A.*, No. 3:12-CV-00801-G-BF, 2012 WL 2358299 at *3 (N.D. Tex. May 25, 2012) (holding that Fifth Circuit "courts have consistently held that a borrower does not have a private cause of action under the National Housing Act"). Thus, Ms. Banks' claims under HAMP, the NHA, and UMRA are dismissed with prejudice.

C.     *Claims Under the TDCA and Texas Property Code*

Ms. Banks claims that Wells Fargo violated § 392.301(8) of the TDCA, which prohibits debt collectors from "threatening to take an action prohibited by law," Tex. Fin. Code § 392.301(a)(8), and Chapter 51 of the Texas Property Code, which contains "provisions generally applicable to liens," Tex. Prop. Code § 51.0001 et seq. Doc. 1-7, Compl., ¶ 11. Wells Fargo argues that Plaintiff fails to allege that it engaged in any action prohibited by law, and that the Texas Property Code does

not provide a private right of action. Doc. 6, Def's Mot., 8–9[7]. The Court agrees that Ms. Banks fails to plausibly plead a claim under the TDCA and finds the same for her claim under Chapter 51 of the Texas Property Code.

The TDCA states that "a debt collector may not use threats, coercion, or attempts to coerce" by, in relevant part, "threatening to take an action prohibited by law." Tex. Fin. Code §392.301(a)(8). Even assuming that Wells Fargo is a debt collector under the Act, Ms. Banks fails to plead that Defendant threatened her at all, much less by taking an action prohibited by law. Plaintiff states only that Defendant violated the Act, but provides no factual support for her claim. *See* Doc. 1-7, Compl., ¶ 11. Conclusory statements are not sufficient to state a claim, and the Court cannot draw a reasonable inference that Wells Fargo is liable under the TDCA based on the information in Plaintiff's complaint. *Ashcroft,* 556 U.S. at 678. Thus, Plaintiff's TDCA claim is dismissed without prejudice.

Plaintiff's claim under the Texas Property Code fails for the same reason. Chapter 51 contains more than fifteen subsections and Ms. Banks does not point to the particular subsection that she believes Wells Fargo violated. Nor does she plead any facts in connection with her Texas Property Code claim; again, she states only that Wells Fargo violated Chapter 51. *See* Doc. 1-7, Compl., ¶ 11. Thus, she fails to meet the plausibility standard required to state a claim for relief. *Ashcroft,* 556 U.S. at 678–79. Plaintiff's Texas Property Code claim is dismissed without prejudice.

---

[7]The cases Defendant cites for this proposition hold that § 51.002 does not provide a private right of action, *see* Doc. 6, Def.'s Mot., 8–9, but Plaintiff does not claim Wells Fargo violated § 51.002 specifically, *see* Doc.1-7, Compl., ¶ 11. Regardless, as explained below, the Court finds that Plaintiff fails to plausibly state a claim under the Texas Property Code and her claim is dismissed.

# IV.

## CONCLUSION

The Court **GRANTS** Wells Fargo's motion. Plaintiff's claims under HAMP, the NHA, and UMRA are **DISMISSED** with prejudice. Plaintiff's claims under RESPA, the TDCA, and Chapter 51 of the Texas Property Code are **DISMISSED** without prejudice. Ms. Banks may amend her complaint to address the deficiencies in her RESPA, TDCA, and Texas Property Code claims. In order to address these deficiencies, Plaintiff must: (1) plead facts alleging that Wells Fargo violated RESPA by failing to respond to a qualified written request for information about servicing of her loan, (2) plead facts alleging that Wells Fargo violated the TDCA by threatening to take some action that is prohibited by law, and (3) point to a particular section of Chapter 51 of the Texas Property Code that Wells Fargo allegedly violated and supply facts to plausibly plead that Wells Fargo violated that section. If Plaintiff wishes to file an amended complaint, she must do so by **April 23, 2018.**

**SO ORDERED.**

    **SIGNED: March 21, 2018**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE